People v Quaye (2018 NY Slip Op 08333)





People v Quaye


2018 NY Slip Op 08333


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2014-05799
 (Ind. No. 6492/11)

[*1]The People of the State of New York, respondent,
v
Humphries Quaye, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Harrington, J.), rendered May 23, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant and his gun-wielding accomplice were charged with, and ultimately convicted of, robbery in the first degree in connection with a robbery in the hallway of an apartment building in Brooklyn. The defendant appeals.
The defendant's challenge to the legal sufficiency of the evidence, on the ground that the prosecution failed to prove his identity as one of the robbers beyond a reasonable doubt, is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress physical evidence on the ground that the police lacked probable cause to arrest him. Contrary to the defendant's contention, the hearing evidence, including the complainant's identification of the defendant and his accomplice as the robbers shortly after the crime, and the subsequent observations by the police of suspicious actions by the defendant and the accomplice and of contraband in the vehicle they occupied, established the legality of the police conduct and provided probable cause for the defendant's arrest (see generally People v Shulman, 6 NY3d 1, 25-26; People v De Bour, 40 NY2d 210, 223).
The sentence imposed was not excessive (see People v. Suitte, 90 AD2d 80).
The defendant's remaining contention is unpersuasive (see People v Lesley, 128 AD2d 644).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court